IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARRIS JAMES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 09 cv 7873 |
| | ) | |
| | ) | |
| HYATT REGENCY CHICAGO | ) | Honorable Judge |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## COMPLAINT

*Nature of action*

1. Because of the defendant's wrongs, the plaintiff brings this action under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 1601 et seq. (the "FMLA") and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA").

2. The defendant willfully interfered with the plaintiff's rights and privileges under the FMLA and the ADA because, after the plaintiff's medical leave, the defendant prohibited the plaintiff from returning to work. The plaintiff's physician had released the plaintiff to return to work. The plaintiff seeks legal and equitable remedies to make him whole.

## PARTIES

3. The plaintiff is a resident of Illinois.

4. During the relevant times, the plaintiff was an "eligible employee" pursuant to 29 U.S.C. § 2611(2) because he had been employed by the defendant for over 12 months at the time he requested a medical leave to have eye surgery and during the 12 month period immediately preceding the time that the defendant prohibited the plaintiff from returning to work.

1

5.  The plaintiff had worked more than 1,250 hours for the defendant. Therefore, the plaintiff is entitled to the rights and protections afforded by the FMLA.

6.  At all relevant times, the plaintiff met the definition of "employee" and a "qualified individual with a disability" under the ADA, 42 U.S.C. §§ 12102 and 12111(8), the Americans with Disabilities Act Amendments of 2008.

7.  The defendant, a hotel in Chicago, is an employer to pursuant to 29 U.S.C. § 2611(4). Therefore, the defendant is subject to all requirements of the FMLA.

8.  At all material times, the defendant was a "covered entity" under the Americans with Disabilities Act, 42 U.S.C. § 12111(2).

9.  At all material times, the defendant was an "employer" under the Americans with Disabilities Act, 42 U.S.C. § 12111(5)(A), engaging in industry affecting commerce and having more than the minimum number employees under the ADA.

## JURISDICTION AND VENUE

10. The instant case involves federal questions. Therefore, this Court has jurisdiction. 28 U.S.C. §§ 1331, 1343(a)(4) and 1367(a). This action is authorized and filed pursuant to 29 U.S.C. § 2617.

11. The plaintiff resides in the Northern District of Illinois

12. Venue is proper. 28 U.S.C. § 1391(b). The defendant's wrongs were committed in the Northern District of Illinois. The defendant maintains offices and hotels and conducts business within the Northern District of Illinois.

13. Pursuant to 28 U.S.C. 1391(b)(2), venue is proper because the plaintiff's claims arose out of "events and omissions" occurring in this District.

## ADMINISTRATIVE PROCEDURE

14. The plaintiff has met all conditions and requirements precedent to this lawsuit.

15. On 18 January 2008, the plaintiff timely filed a Charge of Discrimination with the Equal Opportunity Commission ("EEOC").

16. On 23 September 2009, the EEOC issued a "Notice of Right to Sue". Exhibit I.

## PLAINTIFF'S DISABILITY SINCE BIRTH

17. The plaintiff was born legally blind.

18. The plaintiff's disability substantially limits, among others, his major life activities of seeing.

19. At all material times that the plaintiff has had a physical impairment that substantially limits one or more major life activities, he has had a record of such impairment.

20. The defendant regarded the plaintiff as having such an impairment that substantially limits one or more major life activities and/or significantly impairs physical health.

21. At all material times, the plaintiff has had a physical disability (actual, recorded and regarded as) within the meaning of the ADA, 42 U.S.C. 12102(2).

## DEFENDANT HIRES PLAINTIFF IN 1985

22. On 18 June 1985, the defendant hired the plaintiff.

23. At the time that the defendant hired the plaintiff, the plaintiff was legally blind.

24. At the time that the defendant hired the plaintiff, the defendant regarded the plaintiff as a person having a disability, blindness.

25. At all material times, the plaintiff was qualified to work for the defendant and was able to perform all of the essential functions of his job with or without reasonable accommodation.

26. Throughout his lengthy term with the defendant, the plaintiff has satisfactorily performed his duties.

27. The plaintiff's duties consisted of cleaning coffee urns, cleaning ballrooms, helping with the garbage, cleaning ballrooms, cleaning pantries, obtaining hot boxes for breakfast and so forth.

## PLAINTIFF NEEDS EYE SURGERY

28. In or about April 2007, the plaintiff applied for FMLA leave because he needed eye surgery.

29. On or about 20 April 2007, the defendant approved the plaintiff's request for FMLA leave.

30. On or about 2 August 2007, the plaintiff's physician released the plaintiff to return to work on 19 August 2007.

31. Subsequently, the plaintiff presented to the defendant's human resources department a disability certificate in which the plaintiff's physician released the plaintiff to return to his duties.

32. Nevertheless, the defendant prohibited the plaintiff from returning to work until all of his restrictions were removed.

33. The defendant's demand created an impossibility for the plaintiff because the plaintiff had been legally blind since birth.

34. Though prohibiting the plaintiff from returning to work, the defendant failed to notify the plaintiff of his FMLA rights relating to a possible termination.

35. On 18 January 2008, the plaintiff filed an EEOC charge.

36. In or about February 2008, the defendant allowed the plaintiff to return to work.

37. The plaintiff's physical condition had not changed and remained the same from when the plaintiff presented to the defendant the release from his physician on or about the 2 August 2007 until the time that the defendant allowed the plaintiff to return to work in February 2008.

## COUNT I: FIRST CLAIM FOR RELIEF: THE DEFENDANT VIOLATING THE FMLA

38. The plaintiff incorporates by reference ¶1-37.

39. An "eligible employee" under the FMLA is an employee who has been employed:

   a. "for at least 12 months by the employer with respect to whom leave is requested," and

   b. "for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A).

40. At all relevant times, the plaintiff was an "eligible employee" under the FMLA because the defendant employed him for more than twelve months.

41. Also, the plaintiff had worked at least 1,250 hours in the year preceding his request for FMLA leave. 29 U.S.C. § 2611(2)(A).

42. The FMLA defines "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(I).

43. At all relevant times, the defendant has had more than 15 employees, more that 50 employees within a 75-mile radius of the plaintiff's workplace, and has been an employer for the purposes of the FMLA. 29 U.S.C. § 2611(4).

44. The FMLA provides, *inter alia,* that an eligible employee is entitled to 12 weeks of leave

without pay during any 12-month period because of a serious health condition that makes the employee unable to perform the functions of his or her position and that such eligible employee is entitled to be restored to the same or equivalent position at the conclusion of the leave.  29 U.S.C. § 2614(a).

45. The term "serious health condition" means "an illness, injury, impairment, or physical or mental condition that involves. . . continuing treatment by a healthcare provider."  29 U.S.C. § 2611(11).

46. At the time that the plaintiff requested a medical leave, he suffered from a serious health condition requiring major surgery and a protracted and indeterminate period of recuperation. Therefore, he was unable to perform his work duties during this period pursuant to 29 U.S.C. § 2612(a).

47. After the plaintiff's physician released the plaintiff to return to his duties, the defendant prohibited the plaintiff from returning to work until all of his restrictions were removed which was an impossibility as he had been blind since birth.

48. Therefore, by prohibiting the plaintiff from returning to work and giving the appearance of terminating the plaintiff, the defendant interfered with, restrained and/or otherwise denied the plaintiff the opportunity to exercise, or to attempt to exercise, his rights under the FMLA.

49. By giving the appearance of terminating the plaintiff's employment, the defendant violated the FMLA, 29 U.S.C. § 2615(a).

50. The defendant failed to notify personally the plaintiff of his rights at the time that the defendant gave the appearance of terminating the plaintiff.

51. Therefore, the defendant violated the FMLA, 29 U.S.C. § 2615 (a).

52. The defendant violated the FMLA by:

    1.   Interfering with the plaintiff's exercise of his rights under the FMLA;

    2.   Restraining the plaintiff's exercise of his rights under FMLA;

    3.   Denying the plaintiff his rights under the FMLA;

    4.   Rejecting the plaintiff's attempts to exercise his rights under FMLA;

    5.   Giving the appearance of terminating the plaintiff for exercising rights under the FMLA;

    6.   Discriminating against the plaintiff as contrasted with employees who did not take leave.

53. The defendant failed to restore the plaintiff to employment following the end of the plaintiff's medical leave.

54. The defendant's illegal conduct was willful and wanton, and/or was done with malice or in reckless disregard for the plaintiff's rights under the FMLA.

55. The defendant had no reasonable grounds to believe that its conduct would not violate 29 U.S.C. § 2615(a).

56. The defendant's illegal conduct was the proximate cause of the economic and non-economic injuries suffered by the plaintiff.

57. As a direct and proximate result of the defendant's willful and illegal conduct, the plaintiff suffered.

58. Because of the defendant's illegal and willful conduct, the plaintiff incurred damages, such as, loss of wages, fringe benefits, out-of-pocket pecuniary losses, mental suffering, emotional distress, inconvenience, frustration, loss of enjoyment of life, humiliation and other compensable, non-economic injuries.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that this Honorable Court:

A. Pursuant to any jury verdict for Mr. James, direct the defendant to pay damages equal to the amount of wages, salary, employment benefits, and other compensation which he was denied or lost resulting from of the violation, plus pre-and post-judgment interest on this amount at the prevailing rate, past and future costs of borrowing funds to meet financial obligations, and past and future out-of-pocket pecuniary losses pursuant to 29 U.S.C. § 2917(a)(1)(A)(i), (ii);

B. Pursuant to any jury verdict for Mr. James, direct the defendant to pay liquidated damages equal to the amount of compensatory damages plus interest, as described in the preceding paragraph, pursuant to 29 U.S.C. §2917(a) (1) (A) (iii);

C. Award the plaintiff costs to bring this action, including reasonable expert witness fees and other costs of the action to be paid by the defendant pursuant to 29 U.S.C. § 2917(a)(3);

D. Award reasonable attorney's fees to the law firm of Longo and Associates Ltd.;

E. Permanently enjoin the defendant, their agents, officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice which interferes with, restrains or denies the plaintiff his FMLA rights;

F. Declare that the defendant's violations of the FMLA violate public policy;

G. Award past and future non-economic damages, for all claims as allowed by law, in an amount to be determined at trial, including, but not limited to, lost earnings

capacity, mental suffering, emotional distress, loss of reputation, intimidation and inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and all other allowable damages;

H. Grant such other relief as the Court deems just and proper.

## COUNT II: SECOND CLAIM FOR RELIEF: RETALIATION UNDER THE FMLA

59. The plaintiff incorporates by reference ¶1-58

60. The FMLA makes it unlawful for an employer to retaliate against an employee because the employee exercised his or her rights under the FMLA.

61. The defendant willfully retaliated against the plaintiff because he exercised his FMLA rights in violation of the FMLA, 29 U.S.C. § 2615(a), and/or the Department of Labor's implementing regulations, 29 C.F.R. § 825.220.

62. The defendant injured the plaintiff, causing him to suffer unnecessarily.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that this Honorable Court:

A. Pursuant to any jury verdict for Mr. James, direct the defendant to pay damages equal to the amount of wages, salary, employment benefits, and other compensation which he was denied or lost resulting from of the violation, plus pre-and post-judgment interest on this amount at the prevailing rate, past and future costs of borrowing funds to meet financial obligations, and past and future out-of-pocket pecuniary losses pursuant to 29 U.S.C. § 2917(a)(1)(A)(i), (ii);

B. Pursuant to any jury verdict for Mr. James, direct the defendant to pay liquidated damages equal to the amount of compensatory damages plus interest, as described in the preceding paragraph, pursuant to 29 U.S.C. §2917(a) (1) (A)

(iii);

C. Award the plaintiff costs to bring this action, including reasonable expert witness fees and other costs of the action to be paid by the defendant pursuant to 29 U.S.C. § 2917(a)(3);

D. Award reasonable attorney's fees to the law firm of Longo and Associates Ltd.;

E. Permanently enjoin the defendant, their agents, officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice which interferes with, restrains or denies the plaintiff his FMLA rights;

F. Declare that the defendant's violations of the FMLA violate public policy;

G. Award past and future non-economic damages, for all claims as allowed by law, in an amount to be determined at trial, including, but not limited to, lost earnings capacity, mental suffering, emotional distress, loss of reputation, intimidation and inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and all other allowable damages;

H. Grant such other relief as the Court deems just and proper.

## COUNT III: THIRD CLAIM FOR RELIEF: THE DEFENDANT VIOLATED THE AMERICANS WITH DISABILITIES ACT

63. The plaintiff incorporates by reference ¶1-37

64. The ADA prohibits discrimination by an employer against a qualified individual with a disability in the terms, conditions, and privileges of employment, including discriminatory discharge. 42 U.S.C. 12112(a); 29 C.F.R. 1630.4 .

65. At all relevant times, the plaintiff has been a qualified individual with a disability as defined by the ADA.

66. The defendant regarded the plaintiff as a person with a physical impairment that substantially limited a major life activity. 42 U.S.C. §12102(2)(C).

67. The ADA defines discrimination as not making reasonable accommodations to qualified individuals with a disability. 42 U.S.C. 12112(b)(5)(A); 29 C.F.R. 1630.9.

68. Under the ADA, an employer must engage in an interactive process to identify potential accommodations that would overcome the employee's limitations. 29 C.F.R. 1630.2(o)(3) (2005).

69. The defendant did not assist the plaintiff to obtain reasonable accommodations.

70. The plaintiff could have been reasonably accommodated but for defendant's bad faith.

71. When the plaintiff presented his medical release from his physician to the defendant on or about 2 August 2007, the plaintiff was able to perform the duties which he performed for the defendant before he took his medical leave in or about April 2007.

72. The defendant's refusal to make reasonable accommodations for the plaintiff's known disability and refusal to participate in good faith in the interactive process constitutes discrimination against the plaintiff due to his disability, violating ADA 102(b)(5)(A), 42 USC 12,112(b)(5)(A).

73. The defendant retaliated against the plaintiff for being legally blind by prohibiting him from returning to work until he was no longer blind.

74. When the plaintiff presented his physician's release to the defendant on or about 2 August 2007, the defendant refused to restore the plaintiff to his former position until the plaintiff's restriction was removed.

75. Removing the plaintiff's restriction of legal blindness was impossible.

76. The plaintiff continues to be legally blind and has been legally blind since birth.

77. When an employer becomes aware of a disability and knows what type of accommodation the employee requires, the employer is required to accommodate the disability, even without a specific request from the employee. EEOC Regulations, 29 C.F.R. §1630.2(O)(3).

78. The defendant's failure to accommodate reasonably the plaintiff affected the terms, conditions and privileges of the plaintiff's employment.

79. The defendant prohibiting the plaintiff from returning to work constitutes discrimination against the plaintiff due to his unfortunate disability, perceived disability and/or record of disability, violating 42 U.S.C. 12112(a); 29 C.F.R. 1630.4.

80. The defendant illegally discriminated against the plaintiff, violating the ADA, when they subjected him to a pattern or practice of disability discrimination.

81. Because of the defendant's wrongful discrimination against the plaintiff, he has suffered lost wages, lost benefits, injury to reputation, injury to career, emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, loss of self-esteem and other pecuniary and non-pecuniary losses.

82. The defendant has wrongfully discriminated against the plaintiff with malice or with reckless indifference to his protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff requests that the Honorable Court:

    A. Enter Judgment in his favor;

    B. Declare that the defendant violated the plaintiff's rights;

    C. Enjoin the defendant permanently, including their agents, successors, employees, and those acting in concert with the defendant and at their direction, from

engaging in any employment policy or practice which discriminates against the plaintiff because of his disability or is retaliatory against the plaintiff because of the plaintiff's exercise of rights under 42 U.S.C. 2000e et seq., and from continuing to violate the plaintiff's rights;

D. Order the defendant to make the plaintiff whole by providing back pay and reimbursement for lost pension, health, social security, and other benefits in amounts to be shown at trial, plus pre and post judgment interest;

E. Order the defendant to accommodate reasonably the plaintiff;

F. Award the plaintiff compensatory damages in an amount to be determined at trial of this matter;

G. Award the plaintiff attorney's fees, including legal expenses, and costs;

H. Grant the plaintiff other just and appropriate relief.

Respectfully submitted,

_____
Joseph A. Longo

**LONGO AND ASSOCIATES LTD.**
Joseph A. Longo, Esq.
Attorney for Plaintiff
2100 West Haven
Mt. Prospect, IL   60056
(847) 640-9490
Longo-Associates@SBCglobal.net
AttorneyNo.53635