IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARRIS JAMES,<br><br>Plaintiff,<br><br>v.<br><br>HYATT REGENCY CHICAGO,<br><br>Defendant. | No. 09-cv-7873<br><br>The Honorable Milton I. Shadur<br><br>Magistrate Judge Denlow |

## DEFENDANT HYATT REGENCY CHICAGO'S ANSWERS AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT

Defendant, Hyatt Corporation d/b/a Hyatt Regency Chicago ("HRC"), by and through its attorneys, Littler Mendelson, P.C., hereby states its Answer and Affirmative Defense to Plaintiff's Complaint as follows:

## NATURE OF ACTION

1. Because of the defendant's wrongs, the plaintiff brings this action under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 1601 et seq. (the "FMLA") and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA").

**ANSWER:** HRC admits that Plaintiff purports to bring and maintain causes of action under the Family and Medical Leave Act ("FMLA"), and the Americans with Disabilities Act ("ADA"). HRC denies the remaining allegations in Paragraph 1.

2. The defendant willfully interfered with the plaintiffs rights and privileges under the FMLA and the ADA because, after the plaintiffs medical leave, the defendant prohibited the plaintiff from returning to work. The plaintiffs physician had released the plaintiff to return to work. The plaintiff seeks legal and equitable remedies to make him whole.

**ANSWER:** HRC admits that Plaintiff is seeking legal and equitable remedies in his Complaint, and that Plaintiff's physician released Plaintiff to return to work. HRC denies the remaining allegations in Paragraph 2.

## PARTIES

3.   The plaintiff is a resident of Illinois.

**ANSWER:**   HRC admits the allegation in Paragraph 3.

4.   During the relevant times, the plaintiff was an "eligible employee" pursuant to 29 U.S.C. § 2611(2) because he had been employed by the defendant for over 12 months at the time he requested a medical leave to have eye surgery and during the 12 month period immediately preceding the time that the defendant prohibited the plaintiff from returning to work.

**ANSWER:**   HRC admits that Plaintiff had worked for HRC for over 12 months at the time he began a medical leave. HRC denies the remaining allegations in Paragraph 4.

5.   The plaintiff had worked more than 1,250 hours for the defendant. Therefore, the plaintiff is entitled to the rights and protections afforded by the FMLA.

**ANSWER:**   HRC admits that Plaintiff had worked more than 1,250 hours for HRC at the time he began his leave under the FMLA. HRC denies the remaining allegations in Paragraph 5.

6.   At all relevant times, the plaintiff met the definition of "employee" and a "qualified individual with a disability" under the ADA, 42 U.S.C. §§ 12102 and 12111(8), the Americans with Disabilities Act Amendments of 2008.

**ANSWER:**   HRC admits that plaintiff met the definition of "employee" under 42 U.S.C. § 12111(4). HRC denies that the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA") applies to Plaintiff's claims, as the allegations in Plaintiff's Complaint occurred prior to the ADAAA's effective date of January 1, 2009. Answering further, HRC currently lacks sufficient knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 6.

7. The defendant, a hotel in Chicago, is an employer to pursuant to 29 U.S.C. § 2611(4). Therefore, the defendant is subject to all requirements of the FMLA.

**ANSWER:** HRC admits that it employs more than the threshold number of employees required to be subject to the FMLA.

8. At all material times, the defendant was a "covered entity" under the Americans with Disabilities Act, 42 U.S.C. § 12111(2).

**ANSWER:** HRC admits the allegations in Paragraph 8.

9. At all material times, the defendant was an "employer" under the Americans with Disabilities Act, 42 U.S.C. § 12111(5)(A), engaging in industry affecting commerce and having more than the minimum number employees under the ADA.

**ANSWER:** HRC admits the allegations in Paragraph 9.

## JURISDICTION AND VENUE

10. The instant case involves federal questions. Therefore, this Court has jurisdiction. 28 U.S.C. §§ 1331, 1343(a)(4) and 1367(a). This action is authorized and filed pursuant to 29 U.S.C. § 2617.

**ANSWER:** HRC denies that the Court's jurisdiction is based on 28 U.S.C. § 1367(a), as the claims brought by Plaintiff allege federal questions that fall within the Court's original jurisdiction under 28 U.S.C. § 1331. HRC admits the remaining allegations in Paragraph 10.

11. The plaintiff resides in the Northern District of Illinois.

**ANSWER:** HRC admits the allegations in Paragraph 11.

12. Venue is proper. 28 U.S.C. § 1391(b). The defendant's wrongs were committed in the Northern District of Illinois. The defendant maintains offices and hotels and conducts business within the Northern District of Illinois.

**ANSWER:** HRC admits that venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b). HRC denies the remaining allegations contained in Paragraph 12.

13. Pursuant to 28 U.S.C. 1391(b)(2), venue is proper because the plaintiffs claims arose out of "events and omissions" occurring in this District.

**ANSWER:** HRC admits that venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2). HRC denies the remaining allegations contained in Paragraph 13.

## ADMINISTRATIVE PROCEDURE

14. The plaintiff has met all conditions and requirements precedent to this lawsuit.

**ANSWER:** HRC admits the allegations in Paragraph 14.

15. On 18 January 2008, the plaintiff timely filed a Charge of Discrimination with the Equal Opportunity Commission ("EEOC").

**ANSWER:** HRC admits the allegations in Paragraph 15.

16. On 23 September 2009, the EEOC issued a "Notice of Right to Sue". Exhibit I.

**ANSWER:** HRC admits the allegations in Paragraph 16.

## PLAINTIFF'S DISABILITY SINCE BIRTH

17. The plaintiff was born legally blind.

**ANSWER:** HRC currently lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 17.

18. The plaintiffs disability substantially limits, among others, his major life activities of seeing.

**ANSWER:** HRC currently lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18.

19. At all material times that the plaintiff has had a physical impairment that substantially limits one or more major life activities, he has had a record of such impairment.

**ANSWER:** HRC denies the allegations in Paragraph 19.

20. The defendant regarded the plaintiff as having such an impairment that substantially limits one or more major life activities and/or significantly impairs physical health.

**ANSWER:** HRC denies the allegations in Paragraph 20.

21. At all material times, the plaintiff has had a physical disability (actual, recorded and regarded as) within the meaning of the ADA, 42 U.S.C. 12102(2).

**ANSWER:** HRC denies that it "regarded" Plaintiff as having a "disability," or that it "recorded" Plaintiff's alleged "physical disability." HRC currently lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 21.

## DEFENDANT HIRES PLAINTIFF IN 1985

22. On 18 June 1985, the defendant hired the plaintiff.

**ANSWER:** HRC admits the allegations in Paragraph 22.

23. At the time that the defendant hired the plaintiff, the plaintiff was legally blind.

**ANSWER:** HRC currently lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 23.

Case: 1:09-cv-07873 Document #: 10 Filed: 02/19/10 Page 6 of 20 PageID #:29


24. At the time that the defendant hired the plaintiff, the defendant regarded the plaintiff as a person having a disability, blindness.

**ANSWER:** HRC denies the allegations contained in Paragraph 24.

25. At all material times, the plaintiff was qualified to work for the defendant and was able to perform all of the essential functions of his job with or without reasonable accommodation.

**ANSWER:** HRC denies the allegations contained in Paragraph 25.

26. Throughout his lengthy term with the defendant, the plaintiff has satisfactorily performed his duties.

**ANSWER:** HRC denies the allegations in Paragraph 26.

27. The plaintiffs duties consisted of cleaning coffee urns, cleaning ballrooms, helping with the garbage, cleaning ballrooms, cleaning pantries, obtaining hot boxes for breakfast and so forth.

**ANSWER:** HRC admits the allegations in Paragraph 27.

## PLAINTIFF NEEDS EYE SURGERY

28. In or about April 2007, the plaintiff applied for FMLA leave because he needed eye surgery.

**ANSWER:** HRC admits the allegations in Paragraph 28.

29. On or about 20 April 2007, the defendant approved the plaintiffs request for FMLA leave.

**ANSWER:** HRC admits the allegations in Paragraph 29.

30. On or about 2 August 2007, the plaintiffs physician released the plaintiff to return to work on 19 August 2007.

**ANSWER:** HRC admits that Plaintiff submitted a "disability certificate" on or about August 2, 2007. HRC denies the remaining allegations contained in Paragraph 30.

31. Subsequently, the plaintiff presented to the defendant's human resources department a disability certificate in which the plaintiffs physician released the plaintiff to return to his duties.

**ANSWER:** HRC denies the allegations in Paragraph 31.

32. Nevertheless, the defendant prohibited the plaintiff from returning to work until all of his restrictions were removed.

**ANSWER:** HRC denies the allegations in Paragraph 32.

33. The defendant's demand created an impossibility for the plaintiff because the plaintiff had been legally blind since birth.

**ANSWER:** HRC denies the allegations in Paragraph 33.

34. Though prohibiting the plaintiff from returning to work, the defendant failed to notify the plaintiff of his FMLA rights relating to a possible termination.

**ANSWER:** HRC denies the allegations in Paragraph 34.

35. On 18 January 2008, the plaintiff filed an EEOC charge.

**ANSWER:** HRC admits the allegations in Paragraph 35.

36. In or about February 2008, the defendant allowed the plaintiff to return to work.

**ANSWER:** HRC admits the allegations in Paragraph 36.

37. The plaintiffs physical condition had not changed and remained the same from

when the plaintiff presented to the defendant the release from his physician on or about the 2 August 2007 until the time that the defendant allowed the plaintiff to return to work in February 2008.

**ANSWER:** HRC denies the allegations in Paragraph 37.

## COUNT I: FIRST CLAIM FOR RELIEF: THE DEFENDANT VIOLATING THE FMLA

38. The plaintiff incorporates by reference ¶1-37

**ANSWER:** HRC hereby incorporates its answers to Paragraphs 1-37 as if fully stated herein.

39. An "eligible employee" under the FMLA is an employee who has been employed:

a. "for at least 12 months by the employer with respect to whom leave is requested," and

b. "for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A).

**ANSWER:** HRC admits the allegations in Paragraph 39.

40. At all relevant times, the plaintiff was an "eligible employee" under the FMLA because the defendant employed him for more than twelve months.

**ANSWER:** HRC admits that Plaintiff had worked for HRC for more than 12 months at the time he began a medical leave. HRC denies the remaining allegations in Paragraph 40.

41. Also, the plaintiff had worked at least 1,250 hours in the year preceding his request for FMLA leave. 29 U.S.C. § 2611(2)(A).

**ANSWER:** HRC admits the allegations contained in Paragraph 41.

42. The FMLA defines "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(I).

**ANSWER:** HRC denies that 29 U.S.C. § 2611(4)(A)(I) contains the cited language, as that statutory cite does not exist. HRC nevertheless admits that it is an "employer" as that term is defined by the FMLA.

43. At all relevant times, the defendant has had more than 15 employees, more that 50 employees within a 75-mile radius of the plaintiffs workplace, and has been an employer for the purposes of the FMLA. 29 U.S.C. § 2611(4).

**ANSWER:** HRC admits the allegations in Paragraph 43.

44. The FMLA provides, inter alia, that an eligible employee is entitled to 12 weeks of leave without pay during any 12-month period because of a serious health condition that makes the employee unable to perform the functions of his or her position and that such eligible employee is entitled to be restored to the same or equivalent position at the conclusion of the leave. 29 U.S.C. § 2614(a).

**ANSWER:** HRC admits that, with some exceptions, the FMLA provides restoration rights for employees returning within, or at the expiration of, 12 weeks of FMLA leave.

45. The term "serious health condition" means "an illness, injury, impairment, or physical or mental condition that involves. . . continuing treatment by a healthcare provider." 29 U.S.C. § 2611(11).

**ANSWER:** HRC admits that the statutory definition of serious health condition, in part, includes the allegations in Paragraph 45.

46. At the time that the plaintiff requested a medical leave, he suffered from a serious health condition requiring major surgery and a protracted and indeterminate period of recuperation. Therefore, he was unable to perform his work duties during this period pursuant to 29 U.S.C. § 2612(a).

**ANSWER:** HRC admits that Plaintiff underwent eye surgery, and was on a medical leave for a protracted period after this surgery. HRC currently lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 46.

47. After the plaintiffs physician released the plaintiff to return to his duties, the defendant prohibited the plaintiff from returning to work until all of his restrictions were removed which was an impossibility as he had been blind since birth.

**ANSWER:** HRC denies the allegations in Paragraph 47.

48. Therefore, by prohibiting the plaintiff from returning to work and giving the appearance of terminating the plaintiff, the defendant interfered with, restrained and/or otherwise denied the plaintiff the opportunity to exercise, or to attempt to exercise, his rights under the FMLA.

**ANSWER:** HRC denies the allegations contained in Paragraph 48.

49. By giving the appearance of terminating the plaintiffs employment, the defendant violated the FMLA, 29 U.S.C. § 2615(a).

**ANSWER:** HRC denies the allegations contained in Paragraph 49.

50. The defendant failed to notify personally the plaintiff of his rights at the time that the defendant gave the appearance of terminating the plaintiff.

**ANSWER:** HRC denies the allegations contained in Paragraph 50.

51. Therefore, the defendant violated the FMLA, 29 U.S.C. § 2615 (a).

**ANSWER:** HRC denies the allegations contained in Paragraph 51.

52. The defendant violated the FMLA by:

1.  Interfering with the plaintiffs exercise of his rights under the FMLA;

2.  Restraining the plaintiffs exercise of his rights under FMLA;

3.  Denying the plaintiff his rights under the FMLA;

4.  Rejecting the plaintiffs attempts to exercise his rights under FMLA;

5.  Giving the appearance of terminating the plaintiff for exercising rights under the FMLA;

6.  Discriminating against the plaintiff as contrasted with employees who did not take leave.

**ANSWER:** HRC denies the allegations contained in Paragraph 52.

53. The defendant failed to restore the plaintiff to employment following the end of the plaintiff's medical leave.

**ANSWER:** HRC denies the allegations contained in Paragraph 53.

54. The defendant's illegal conduct was willful and wanton, and/or was done with malice or in reckless disregard for the plaintiffs rights under the FMLA.

**ANSWER:** HRC denies the allegations contained in Paragraph 54.

55. The defendant had no reasonable grounds to believe that its conduct would not violate 29 U.S.C. § 2615(a).

**ANSWER:** HRC denies the allegations contained in Paragraph 55.

56. The defendant's illegal conduct was the proximate cause of the economic and

non-economic injuries suffered by the plaintiff.

    **ANSWER:**    HRC denies the allegations contained in Paragraph 56.

57. . As a direct and proximate result of the defendant's willful and illegal conduct, the plaintiff suffered.

    **ANSWER:**    HRC denies the allegations contained in Paragraph 57.

58. Because of the defendant's illegal and willful conduct, the plaintiff incurred damages, such as, loss of wages, fringe benefits, out-of-pocket pecuniary losses, mental suffering, emotional distress, inconvenience, frustration, loss of enjoyment of life, humiliation and other compensable, non-economic injuries.

    **ANSWER:**    HRC denies the allegations contained in Paragraph 58.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully requests that this Honorable Court:

A.    Pursuant to any jury verdict for Mr. James, direct the defendant to pay damages equal to the amount of wages, salary, employment benefits, and other compensation which he was denied or lost resulting from of the violation, plus pre-and post-judgment interest on this amount at the prevailing rate, past and future costs of borrowing funds to meet financial obligations, and past and future out-of-pocket pecuniary losses pursuant to 29 U.S.C. § 2917(a)(1)(A)(i), (ii);

B.    Pursuant to any jury verdict for Mr. James, direct the defendant to pay liquidated damages equal to the amount of compensatory damages plus interest, as described in the preceding paragraph, pursuant to 29 U.S.C. §2917(a) (1) (A) (iii);

C.    Award the plaintiff costs to bring this action, including reasonable expert witness fees and other costs of the action to be paid by the defendant pursuant to 29 U.S.C. § 2917(a)(3);

D.    Award reasonable attorney's fees to the law firm of Longo and Associates Ltd.;

E. Permanently enjoin the defendant, their agents, officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice which interferes with, restrains or denies the plaintiff his FMLA rights;

F. Declare that the defendant's violations of the FMLA violate public policy;

G. Award past and future non-economic damages, for all claims as allowed by law, in an amount to be determined at trial, including, but not limited to, lost earning capacity, mental suffering, emotional distress, loss of reputation, intimidation and inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and all other allowable damages;

H. Grant such other relief as the Court deems just and proper.

**ANSWER:** HRC requests that the Court deny Plaintiff any and all relief requested in his Complaint.

## COUNT II: SECOND CLAIM FOR RELIEF: RETALIATION UNDER THE FMLA

59. The plaintiff incorporates by reference ¶1-58

**ANSWER:** HRC hereby incorporates its answers to Paragraphs 1-58 as if fully stated herein.

60. The FMLA makes it unlawful for an employer to retaliate against an employee because the employee exercised his or her rights under the FMLA.

**ANSWER:** HRC admits that the FMLA generally prohibits retaliation based on the exercise of FMLA rights.

61. The defendant willfully retaliated against the plaintiff because he exercised his FMLA rights in violation of the FMLA, 29 U.S.C. § 2615(a), and/or the Department of Labor's implementing regulations, 29 C.F.R. § 825.220.

**ANSWER:** HRC denies the allegations contained in Paragraph 61.

62. The defendant injured the plaintiff, causing him to suffer unnecessarily.

**ANSWER:** HRC denies the allegations contained in Paragraph 62.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully requests that this Honorable Court:

A. Pursuant to any jury verdict for Mr. James, direct the defendant to pay damages equal to the amount of wages, salary, employment benefits, and other compensation which he was denied or lost resulting from of the violation, plus pre-and post-judgment interest on this amount at the prevailing rate, past and future costs of borrowing funds to meet financial obligations, and past and future out-of-pocket pecuniary losses pursuant to 29 U.S.C. § 2917(a)(1)(A)(i), (ii);

B. Pursuant to any jury verdict for Mr. James, direct the defendant to pay liquidated damages equal to the amount of compensatory damages plus interest, as described in the preceding paragraph, pursuant to 29 U.S.C. §2917(a) (1) (A) (iii);

C. Award the plaintiff costs to bring this action, including reasonable expert witness fees and other costs of the action to be paid by the defendant pursuant to 29 U.S.C. § 2917(a)(3);

D. Award reasonable attorney's fees to the law firm of Longo and Associates Ltd.;

E. Permanently enjoin the defendant, their agents, officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice which interferes with, restrains or denies the plaintiff his FMLA rights;

F. Declare that the defendant's violations of the FMLA violate public policy;

G. Award past and future non-economic damages, for all claims as allowed by law, in an amount to be determined at trial, including, but not limited to, lost earnings capacity, mental suffering, emotional distress, loss of reputation, intimidation and inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and all other allowable damages;

H. Grant such other relief as the Court deems just and proper.

**ANSWER:** HRC requests that the Court deny Plaintiff any and all relief requested in his Complaint.

## COUNT III: THIRD CLAIM FOR RELIEF: THE DEFENDANT VIOLATED THE AMERICANS WITH DISABILITIES ACT

63. The plaintiff incorporates by reference ¶1-37

**ANSWER:** Despite Plaintiff's failure to fully incorporate all preceding paragraphs, HRC hereby incorporates its answers to Paragraphs 1-63 as if fully stated herein.

64. The ADA prohibits discrimination by an employer against a qualified individual with a disability in the terms, conditions, and privileges of employment, including discriminatory discharge. 42 U.S.C. 12112(a); 29 C.F.R. 1630.4.

**ANSWER:** HRC admits that the ADA generally prohibits discrimination on the basis of a qualified "disability," as that term is defined by the ADA.

65. At all relevant times, the plaintiff has been a qualified individual with a disability as defined by the ADA.

**ANSWER:** HRC currently lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 65.

66. The defendant regarded the plaintiff as a person with a physical impairment that substantially limited a major life activity. 42 U.S.C. §12102(2)(C).

**ANSWER:** Defendant denies the allegations in Paragraph 66.

67. The ADA defines discrimination as not making reasonable accommodations to qualified individuals with a disability. 42 U.S.C. 12112(b)(5)(A); 29 C.F.R. 1630.9.

**ANSWER:** Defendant admits the allegations in Paragraph 67.

68. Under the ADA, an employer must engage in an interactive process to identify potential accommodations that would overcome the employee's limitations. 29 C.F.R. 1630.2(o)(3) (2005).

**ANSWER:** Defendant denies the allegations contained in Paragraph 68.

69. The defendant did not assist the plaintiff to obtain reasonable accommodations.

**ANSWER:** HRC denies the allegations contained in Paragraph 69.

70. The plaintiff could have been reasonably accommodated but for defendant's bad faith.

**ANSWER:** HRC denies the allegations contained in Paragraph 70.

71. When the plaintiff presented his medical release from his physician to the defendant on or about 2 August 2007, the plaintiff was able to perform the duties which he performed for the defendant before he took his medical leave in or about April 2007.

**ANSWER:** HRC currently lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 71.

72. The defendant's refusal to make reasonable accommodations for the plaintiffs known disability and refusal to participate in good faith in the interactive process constitutes discrimination against the plaintiff due to his disability, violating ADA 102(b)(5)(A), 42 USC 12,112(b)(5)(A).

**ANSWER:** HRC denies the allegations contained in Paragraph 72.

73. The defendant retaliated against the plaintiff for being legally blind by prohibiting him from returning to work until he was no longer blind.

**ANSWER:** HRC denies the allegations contained in Paragraph 73.

74. When the plaintiff presented his physician's release to the defendant on or about 2 August 2007, the defendant refused to restore the plaintiff to his former position until the

plaintiffs restriction was removed.

**ANSWER:** HRC denies the allegations contained in Paragraph 74.

75. Removing the plaintiffs restriction of legal blindness was impossible.

**ANSWER:** HRC currently lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 75.

76. The plaintiff continues to be legally blind and has been legally blind since birth.

**ANSWER:** HRC currently lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 76.

77. When an employer becomes aware of a disability and knows what type of accommodation the employee requires, the employer is required to accommodate the disability, even without a specific request from the employee. EEOC Regulations, 29 C.F.R. §1630.2(0)(3).

**ANSWER:** HRC denies the allegations contained in Paragraph 77.

78. The defendant's failure to accommodate reasonably the plaintiff affected the terms, conditions and privileges of the plaintiffs employment.

**ANSWER:** HRC denies the allegations contained in Paragraph 78.

79. The defendant prohibiting the plaintiff from returning to work constitutes discrimination against the plaintiff due to his unfortunate disability, perceived disability and/or record of disability, violating 42 U.S.C. 12112(a); 29 C.F.R. 1630.4.

**ANSWER:** HRC denies the allegations contained in Paragraph 79.

80. The defendant illegally discriminated against the plaintiff, violating the ADA, when they subjected him to a pattern or practice of disability discrimination.

**ANSWER:** HRC denies the allegations contained in Paragraph 80.

81. Because of the defendant's wrongful discrimination against the plaintiff, he has suffered lost wages, lost benefits, injury to reputation, injury to career, emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, loss of self-esteem and other pecuniary and non-pecuniary losses.

**ANSWER:** HRC denies the allegations contained in Paragraph 81.

82. The defendant has wrongfully discriminated against the plaintiff with malice or with reckless indifference to his protected rights.

**ANSWER:** HRC denies the allegations contained in Paragraph 82.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests that the Honorable Court:

A. Enter Judgment in his favor;

B. Declare that the defendant violated the plaintiffs rights;

C. Enjoin the defendant permanently, including their agents, successors, employees, and those acting in concert with the defendant and at their direction, from engaging in any employment policy or practice which discriminates against the plaintiff because of his disability or is retaliatory against the plaintiff because of the plaintiff's exercise of rights under 42 U.S.C. 2000e et seq., and from continuing to violate the plaintiffs rights;

D. Order the defendant to make the plaintiff whole by providing back pay and reimbursement for lost pension, health, social security, and other benefits in amounts to be shown at trial, plus pre and post judgment interest;

E. Order the defendant to accommodate reasonably the plaintiff;

F. Award the plaintiff compensatory damages in an amount to be determined at trial of this matter;

G. Award the plaintiff attorney's fees, including legal expenses, and costs;

H.    Grant the plaintiff other just and appropriate relief.

**ANSWER:**    HRC requests that the Court deny Plaintiff any and all relief requested in his Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that he has failed to mitigate his damages as required by law.

WHEREFORE, Defendant, Hyatt Corporation d/b/a Hyatt Regency Chicago, denies that Plaintiff is entitled to judgment in any amount whatsoever, and respectfully requests that Plaintiff's claims be dismissed in their entirety and with prejudice; that Plaintiff take nothing by this action; and that Defendant be awarded its reasonable attorney's fees and costs and such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Michael G. Congiu
Michael G. Congiu

Marissa Ross Ingley (#6278347)
Michael G. Congiu (# 6289254)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

Dated: February 19, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2010, I electronically filed **Defendant Hyatt Regency Chicago's Answers and Affirmative Defense to Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joseph A. Longo, Esq. (#53635)
LONGO AND ASSOCIATES LTD.
Attorney for Plaintiff
2100 West Haven
Mt. Prospect, IL 60056
(847) 640-9490
Longo-Associates@SBCglobal.net

/s/Michael G. Congiu
Michael G. Congiu