# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **CARRIS JAMES,** | |
| Plaintiff, | No. 09-cv-7873 |
| v. | Honorable Judge Milton I. Shadur |
| **HYATT REGENCY CHICAGO,** | Magistrate Judge Morton Denlow |
| Defendant. | **JURY DEMAND** |

## DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS TO PRODUCE

Defendant Hyatt Corporation d/b/a Hyatt Regency Chicago ("Defendant" or "HRC"), by and through its attorneys and pursuant to Federal Rules of Civil Procedure 33 and 34, hereby submits its Answers and Objections to Plaintiff's First Set of Interrogatories and Requests to Produce (hereinafter collectively referred to as Plaintiff's "Requests"), as follows:

1.    The information contained in these Responses is being provided in accordance with the provisions and intent of the relevant portions of the Federal Rules of Civil Procedure, which require the disclosure of information if such information appears reasonably calculated to lead to the discovery of admissible evidence.   Accordingly, the party responding to these Requests, by providing the information requested, does not waive objections to its admission in evidence on grounds of materiality, relevance, or any other ground for objection.

2.    The information supplied in these Responses is not based solely on the knowledge of the executing party, but includes the knowledge of the party, its agents, representatives, and attorneys, unless privileged.

3.    The word usage and sentence structure of these Responses may be that of the

attorney assisting in the preparation of said Responses, and does not purport to be the precise language of the Defendant.

## **GENERAL OBJECTIONS**

1.     Defendant objects to Plaintiff's Requests to the extent that they seek information protected by the attorney-client privilege or attorney work product doctrine.

2.     Defendant objects to Plaintiff's Requests to the extent that they seek information concerning claims other than those identified in Plaintiff's Complaint.

3.     Defendant objects to Plaintiff's Requests to the extent that they seek to impose on Defendant any requirements not prescribed by the Federal Rules of Civil Procedure, the Rules of the United States District Court for the Northern District of Illinois, or the orders of this Court.

4.     Defendant objects to Plaintiff's Requests to the extent they are duplicative, vague, ambiguous, overbroad, unduly burdensome, conclusory and/or argumentative.

5.     Defendant objects to Plaintiff's Requests to the extent that they seek information not relevant to any claim or defense in this action and/or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

6.     Defendant objects to Plaintiff's Requests to the extent that the number of interrogatories, including discrete subparts, served upon Defendant exceed the number allowed under Federal Rule of Civil Procedure 33.  Not including subparts, Plaintiff has already served 27 interrogatories on Defendant.

7.     Defendant objects to Plaintiff's Requests to the extent that they seek personal and confidential information regarding Defendant's current and/or former employees.  Subject to and without waiving the foregoing general and specific objections, Defendant will produce any such relevant and responsive information subject only to the terms of a protective order agreed upon

by the parties and/or entered by the Court in this case, and only as required by the Federal Rules

of Civil Procedure, the Rules of the United States District Court for the Northern District of

Illinois, and the orders of this Court.

## INTERROGATORY ANSWERS AND OBJECTIONS

**INTERROGATORY NO. 1:**      Regarding every person that has or could have information or knowledge relating to any allegation of the plaintiff's complaint, the defendant's answer to the complaint or the defendant's affirmative defense, I) indicate their name, address, telephone number, position and duties, II) detail the information or knowledge they have or could have.

**ANSWER:**   Defendant objects to this interrogatory on the bases that it is duplicative

and overbroad, and to the extent that it seeks information protected by the attorney-client and/or

work product privilege. Subject to and without waiving any of the foregoing general and

specific objections, Defendant directs Plaintiff to the information contained in Defendant's

Federal Rule 26(a)(1) Disclosures, and answers further that Diana Alvarez, Jerome Cook and

Tom Jones may also have knowledge relating to the allegations in Plaintiff's Complaint. These

individuals can be contacted through their undersigned counsel.

**INTERROGATORY NO. 2:**      Regarding all persons who fulfilled the plaintiff's duties while the plaintiff was not physically at work until he was reinstated in or about February 2008, please indicate I) the name, address, position of all persons fulfilling those duties and whether they had a disability, II) the name, address and position of all persons involved in the decision-making process to appoint such persons to perform the plaintiff's duties while he was not physically present at the job site, III) an itemization regarding all costs to the defendant relating to such person, including, but not limited to, hourly rate, insurance, profit sharing, pension, vacation, sick days, disability insurance and so forth.

**ANSWER:**   Defendant objects to this interrogatory on the basis that the term

"disability" is both vague and undefined. Defendant further objects on the bases that the

interrogatory is overbroad, and because it seeks information not relevant to any claim or defense

in this action and/or not reasonably calculated to lead to the discovery of relevant or admissible

evidence. Subject to and without waiving any of the foregoing general and specific objections,

Defendant answers that Chan Dang and Zia Tran covered Plaintiff's regular Sunday shift approximately shift 2-3 times per month during Plaintiff's absence. No other employees were needed to cover Plaintiff's other shifts. There was no measurable and additional cost associated with Mssrs. Dang and Tran working these shifts, and Mssrs. Dang and Tran can be reached at 151 East Wacker Drive, Chicago, IL 60601, and at 312.565.1234.

**INTERROGATORY NO. 3:** Regarding all persons involved in the decision-making process to grant medical leave to the plaintiff, to refuse his return to work on or about 19 August 2007 and to allow the plaintiff to return to work in or about February 2008, I) provide their name, address, telephone number, position, II) detail their involvement, III) detail the reasons for whatever input they provided.

**ANSWER:** Defendant objects to this interrogatory on the bases that it is argumentative, and because the phrase "reasons for whatever input they provided" is vague. Defendant further objects because this interrogatory is overbroad, and because it seeks information not relevant to any claim or defense in this action and/or not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving any of the foregoing general and specific objections, Defendant directs Plaintiff to the information contained in Defendant's Federal Rule 26(a)(1) Disclosures. Answering further, Jim Parsons contacted Plaintiff's physician via letter on January 19, 2008 to receive clarification on Plaintiff's functional limitations, and Merrick Dresnin, Al Bozeman, and Zikkiyyia Perez, had communications with Plaintiff regarding his return to work status while he was on leave. These individuals can be contacted through their undersigned counsel. See also document produced at HRC 0567.

**INTERROGATORY NO. 4:** For one year before and after 19 August 2007, and regarding all positions that were advertised either internally or externally needing to be filled or that were filled, indicate I) the position and all of its duties, II) the name, address, telephone number of the person filling it along with their previous position and its duties, III) indicate whether the plaintiff could have fulfilled those duties.

**ANSWER:** Defendant objects to this interrogatory on the basis that the phrase "whether the plaintiff could have fulfilled those duties" is vague, and because the extent of Plaintiff's functional limitations during the relevant period is the subject of further discovery and may be within Plaintiff and/or his agent(s) sole possession, custody or control. Defendant further objects on the basis that this interrogatory is overbroad, and because it seeks information not relevant to any claim or defense in this action and/or not reasonably calculated to lead to the discovery of relevant or admissible evidence. More specifically, and by way of example and without limitation, any job posting outside of Plaintiff's classification is irrelevant to the claims and defenses in this lawsuit.

**INTERROGATORY NO. 5:** For five years before 19 August 2007 to the present and regarding all persons who requested or received FMLA leave, ADA leave or any other type of medical leave, indicate I) the name, address, telephone number and their position, II) the beginning and ending date of their leave and the date designated by their physician, if any, to return to work, III) on the date designated by their physician, if any, to return to work, whether they returned on such date to their position before their leave or to a different position and the date of their return to such position, IV) whether the defendant indicated that they could not return to work and the reasons why, V) if such person did not return to work on the date designated by their physician to their position before the leave, detail all of the reasons why.

**ANSWER:** Defendant objects to this interrogatory on the basis that the phrase "ADA leave or any other type of medical leave" is vague. Defendant further objects on the basis that this interrogatory is overbroad, and because it seeks information not relevant to any claim or defense in this action and/or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

**INTERROGATORY NO. 6:** For each person in the preceding interrogatory who was on leave and requested to return to work, indicate I) the name, address, telephone number and position of all participants in the decision-making process and/or who were consulted to determine whether such person would return to work or not and the extent of their participation, II) the dates and times that each participant participated in the decision-making process, III) detail all of the information and knowledge of all participants in the decision-making process who or were consulted.

-5-

**ANSWER:** Defendant repeats its objections stated in response to Interrogatory No. 6, and further objects on the basis that the phrase "requested a return to work" is vague. Subject to and without waiving any of the foregoing general and specific objections, Defendant identifies the following persons that were responsible for assisting in the administration of medical leaves: Zikkiyyia Perez, Jim Parsons, January Zabat, Kathleen Morris, and Annette Munoz. These individuals can be contacted through their undersigned counsel. Defendant also identifies Danielle Newberg, whose contact information is unknown; and Ms. Jeannette Jacques, whose last known telephone number is 219.322.0649.

**INTERROGATORY NO. 7:** For five years before 19 August 2007 to the present and regarding non-medical leave allowed by the defendant and regarding such persons on such nonmedical leave, indicate I) name, address, telephone number and position of such persons, II) the beginning and ending date of such leave and whether such person returned to work on the date initially agreed to by the defendant before the person went on leave, III) whether such person returned to their position before they went on leave or if they were given a different position and the date that such person returned to that position, IV) whether the defendant instituted any restrictions or requirements of any kind before such person could return to work, V) if such person did not return to work on the date agreed to by the defendant before such person went on leave, detail of all of the reasons why.

**ANSWER:** Defendant objects to this interrogatory on the basis that the phrase "non-medical leave" is vague. Defendant further objects on the basis that this interrogatory is overbroad, and because it seeks information not relevant to any claim or defense in this action and/or not reasonably calculated to lead to the discovery of relevant or admissible evidence. More specifically, the circumstances of any "non-medical leave" such as vacation is irrelevant to the claims and defenses in this lawsuit.

**INTERROGATORY NO. 8:** If the defendant contends that they fill vacant positions with the best applicant instead of the first qualified, detail all facts supporting such contention, including, but not limited to, details relating to the applicants, including the successful applicant for one year before and after 19 August 2007.

**ANSWER:** Defendant objects to this interrogatory as vague and argumentative. Subject to and without waiving any of the foregoing general and specific objections, and to the extent that Defendant understands this interrogatory, Defendant has no such written policy.

**INTERROGATORY NO. 9:** From 1 January 2005 to the present, if the defendant has trained employees on the ADA, reasonable accommodations and the FMLA, I) detail the extent of the training, 2) indicate dates and whether any employee was not trained at each time the training was given and the reasons why, 3) the name, address, telephone number and position of each trainer at each time it was given and their qualifications to so provide.

**ANSWER:** Defendant objects to this interrogatory on the basis that the term "training" and phrase "reasonable accommodations" are vague, and because the interrogatory is overbroad and seeks information not relevant to any claim or defense in this action and/or not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving any of the foregoing general and specific objections, Defendant's Human Resources employees and management personnel undergo training that covers, among other topics, Family and Medical Leave Act and Americans with Disabilities Act-related issues.

**INTERROGATORY NO. 10:** Regarding every paragraph of the complaint that the defendant denied and relating to the defendant's affirmative defense, indicate I) all facts supporting such, II) the name, address, telephone number and position of all persons having knowledge or information to each denied paragraph of the complaint and affirmative defense and all details of such information and knowledge.

**ANSWER:** Defendant objects to this interrogatory on the bases that it is duplicative and overbroad, and to the extent that it seeks information protected by the attorney-client and/or work product privilege. Subject to and without waiving any of the foregoing general and specific objections, Defendant directs Plaintiff to the information contained in Defendant's Federal Rule 26(a)(1) Disclosures. Answering further, the existence and nature of Plaintiff's claimed medical condition, the extent of Plaintiff's functional limitations during the relevant period, and Plaintiff's and/or his doctor's efforts to properly and clearly communicate those

limitations, are the subject of further discovery and may be within Plaintiff and/or his agent(s) sole possession, custody or control. With regard to Defendant's affirmative defense, Defendant states that any monies Plaintiff received while on leave, as well as any failure by Plaintiff to mitigate any of his alleged damages, should reduce any potential damages award.

**INTERROGATORY NO. 11:** Regarding all databases, record tracking or other methods or mechanisms tracking employees on FMLA leave, ADA leave or other types of leave, I) identify it and detail what information is stored in such, II) provide the name, address, telephone number and position of all persons having information and knowledge of such and detail their information and knowledge.

**ANSWER:** Defendant objects to this interrogatory on the basis that the terms "databases, record tracking or other methods or mechanisms tracking employees on FMLA leave, ADA leave or other types of leave" is vague. Defendant further objects on the basis that this interrogatory is overbroad and seeks information not relevant to any claim or defense in this action and/or not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving any of the foregoing general and specific objections, Defendant answers that leaves have been tracked in Defendant's Employee Information System since January 1, 2010. Previously, leaves were tracked manually. January Zabat and Lea Nissen, who can be contacted through their undersigned counsel, are the most knowledgeable about Defendant's leave administration.

**INTERROGATORY NO. 12:** Regarding all persons for five years before 19 August 2007 and to the present who requested ADA leave, FMLA leave or any other type of medical leave and after such requested to return to work, but the defendant prohibited such person from returning to work, please indicate I) name, address, telephone number and position of the person filling the position of the person on leave during or after the leave, II) the cost to the defendant relating to the person filling the position of the person who was on leave during and after the leave, including, but not limited to, hourly rate, vacation, insurance, sick days, disability insurance, profit sharing, pension and so forth.

**ANSWER:**     Defendant objects to this interrogatory on the basis that the phrase "ADA leave . . . or any other type of medical leave" is vague.  Defendant further objects on the basis that this interrogatory is duplicative of Interrogatory Numbers 5 and 6, and because this interrogatory is overbroad, argumentative, and seeks information not relevant to any claim or defense in this action and/or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

**INTERROGATORY NO. 13:**     From the moment that the plaintiff went on leave until he was allowed to return to work in or about February 2008, itemize all amounts and benefits the plaintiff would have earned, received or been entitled to had he not gone on leave, including, vacation, sick days, insurance, profit sharing, pension, disability, awards, honors, raises, bonuses and so forth.

**ANSWER:**     Defendant objects to this interrogatory on the basis that the terms "insurance, profit sharing, pension, disability, awards, honors, raises, bonuses and so forth" are vague, and because the interrogatory asks for information based on a hypothetical (and decidedly false) premise that Plaintiff would have remained actively employed during a time where he was admittedly unable to be actively employed.  Subject to and without waiving any of the foregoing general and specific objections, and limiting its answer to the date Plaintiff alleges he first attempted to return in work in August, 2007 until his eventual return in February, 2008, Plaintiff would have earned $13.17 per hour during his scheduled 32-hour workweek, as well as 10 vacation days during that time.

**INTERROGATORY NO. 14:**     If the defendant or any of its affiliates had any governmental contract within five years before 19 August 2007 and to the present, indicate I) the date and amount of the contract, II) parties to the contract and III) subject matter of the contract.

**ANSWER:**     Defendant objects to this interrogatory on the bases that it is overbroad, unduly burdensome, and that it seeks information not relevant to any claim or defense in this

action and/or not reasonably calculated to lead to the discovery of relevant or admissible

evidence.

**INTERROGATORY NO. 15:**     Regarding all complaints, claims or investigations, including, but not limited to, internally, with an administrative agency or in court, involving allegations of handicap or disability discrimination and harassment, retaliation, or FMLA violations state I) the name, address, and telephone number of all of the parties, II) where the complaints were filed and the case number, and III) detail the nature and results of such complaints or investigation.

**ANSWER:**     Defendant objects to this interrogatory as overbroad, and seeks

information not relevant to any claim or defense in this action and/or not reasonably calculated to

lead to the discovery of relevant or admissible evidence.  Subject to and without waiving any of

the foregoing general and specific objections, and limiting its answer to any such lawsuits from

January 1, 2005 to the present, Defendant answers that no such lawsuit were filed against

Defendant.

**INTERROGATORY NO. 16:**     Regarding every contact with the plaintiff or referring or relating to the plaintiff, I) indicate the name, address, telephone number and positions of all persons having information or knowledge, II) indicate the type of contact, telephone, in person etc., III) provide every detail relating to the substance of the contact, including what was said by whom.

**ANSWER:**     Defendant objects to this interrogatory on the basis that the term "contact"

is vague, and because the interrogatory is overbroad and seeks information not relevant to any

claim or defense in this action and/or not reasonably calculated to lead to the discovery of

relevant or admissible evidence.  Subject to and without waiving any of the foregoing general

and specific objections, Defendant identifies Zikkiyyia Perez, Al Bozeman, and Jim Parsons, all

of whom may be contacted through their undersigned counsel.

**INTERROGATORY NO. 17:**     ·  Regarding every day of any leave taken by the plaintiff, indicate I) the type of leave, II) how much the plaintiff received for each day and dates.

**ANSWER:** Defendant objects on the basis that the term "leave" is vague, and on the basis that this interrogatory is overbroad and seeks information not relevant to any claim or defense in this action and/or not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving any of the foregoing general and specific objections, Defendant answers that Plaintiff was provided with leave under the Family and Medical Leave Act ("FMLA") starting on April 19, 2007. After Plaintiff's FMLA leave entitlement was exhausted, he was allowed to remain on personal leave pursuant to the collective bargaining agreement between Defendant and UNITEHERE Local 1 and Local 450 (the "Union").

**INTERROGATORY NO. 18:** If the plaintiff's job duties or functions changed in any way from what he had been doing for years when he returned to work in or about February 2008, I) detail how and dates, II) provide the name, address, telephone number and position of all persons having information and knowledge and detail such.

**ANSWER:** Defendant objects to this interrogatory as argumentative, and on the basis that the phrase "plaintiff's job duties or functions changed in any way from what he had been doing for years when he returned to work" is vague. Defendant further objects on the basis that this interrogatory is overbroad and seeks information not relevant to any claim or defense in this action and/or not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving any of the foregoing general and specific objections, Defendant answers that there were no such changes.

**INTERROGATORY NO. 19:** For five years before 2 August 2007 to the present, regarding all persons requesting a formal or informal accommodation, indicate I) their name, address, telephone number, position and duties, II) type of accommodation and dates, III) whether the defendant granted or denied the accommodation and the reasons why.

**ANSWER:** Defendant objects to this interrogatory on the basis that the phrase "formal or informal accommodation" is vague. Defendant further objects on the basis that this

interrogatory is overbroad and seeks information not relevant to any claim or defense in this

action and/or not reasonably calculated to lead to the discovery of relevant or admissible

evidence.

**INTERROGATORY NO. 20:**     From the defendant's first contact with the plaintiff
before the plaintiff was hired to the present, regarding all of the defendant's contacts with the
plaintiffs physicians or other types of medical providers or their agents, indicate I) the name,
address, telephone number of all persons involved in the contact, II) dates and purpose, III) the
information derived from such contact, IV) the name, address, telephone number and position of
all persons having information or knowledge of such derived from such contact.

**ANSWER:**   Defendant objects to this interrogatory on the basis that the terms

"defendant" and "first contact" are vague, and because the interrogatory is unduly burdensome,

overbroad, and seeks information not relevant to any claim or defense in this action and/or not

reasonably calculated to lead to the discovery of relevant or admissible evidence.   More

specifically, Plaintiff was hired by Defendant in 1985, and any "contact" he had with individuals

in the over 20 years prior to his going out on leave is irrelevant to the claims and defenses in this

lawsuit.   Subject to and without waiving any of the foregoing general and specific objections,

Defendant directs Plaintiff to Defendant's Rule 26(a)(1) Disclosures.   Answering further, Jim

Parsons contacted Plaintiff's physician via letter on January 19, 2008 to receive clarification on

Plaintiff's functional limitations.   See also document produced at HRC 0567.

**INTERROGATORY NO. 21:**     Regarding any document referring or relating to the
plaintiff and which has not been produced to the plaintiff in this lawsuit, I) describe the nature of
the document, including the date, II) if the document is no longer in the defendant's possession
or control, indicate how or why and the last time the defendant had possession or control of such
document, III) provide the name, address, telephone number and position of all persons having
information or knowledge.

**ANSWER:**   Defendant objects to this interrogatory as vague, unduly burdensome,

overbroad, and seeks information not relevant to any claim or defense in this action and/or not

reasonably calculated to lead to the discovery of relevant or admissible evidence.   Subject to and

without waiving any of the foregoing general and specific objections, Defendant answers that it

has produced all relevant, non-privileged and responsive documents in its possession, custody or

control. Investigation continues.

**INTERROGATORY NO. 22:** From April 2007 until the defendant allowed the plaintiff to return to his duties in or about February 2008 and for every day, describe the plaintiffs employment status, the type of leave he was on and whether he received or earned any funds or benefits. If he did, detail them.

**ANSWER:** Defendant objects to this interrogatory as exceeding the number allowable

under Federal Rule of Civil Procedure 33. The interrogatory contains at least three distinct lines

of questioning: one that deals with Plaintiff's "employment status," one that deals with "the type

of leave he was on," and one that asks what benefits he received while on leave. Defendant

further objects on the basis that the terms "employment status," "type of leave" and "funds or

benefits" are vague. Subject to and without waiving the foregoing objections, Defendant directs

Plaintiff to see its answer to Interrogatory No. 17, and answers that Plaintiff remained employed

with Defendant from April 2007 until Plaintiff returned to his duties on or about February 2008.

Answering further, Plaintiff received $4,550.00 from Disability Reinsurance Management

Services; $948.24 of sick pay, and $1,053.60 of vacation pay from Defendant while on leave.

On information and belief, Plaintiff also received approximately $3,600.00 in disability

payments from his union-sponsored disability plan from April 20, 2010 until August 9, 2007.

Investigation continues.

**INTERROGATORY NO. 23:** For each year in the five years before 2 August 2007 to the present, indicate I) the name, address, telephone number, position and duties of persons requesting an accommodation to perform their work and their personnel file, payroll records, II) whether such person was disabled and describing the disability, III) whether the defendant granted or denied the accommodation and the reasons why, IV) steps taken to accommodate.

**ANSWER:**   Defendant objects to this interrogatory as exceeding the number allowable under Federal Rule of Civil Procedure 33.

**INTERROGATORY NO. 24:**   If you contend that the plaintiff could not perform his job duties in August 2007 when the plaintiffs physician indicated he could return to his job duties, then indicate I) what other job duties the plaintiff could have performed, II) indicate whether you allowed the plaintiff to try other job duties, and, if you did not, detail the reasons why not, III) detail whether you reviewed other job duties or considered placing the plaintiff in other job duties and if you did, detail such.

**ANSWER:**   Defendant objects to this interrogatory as exceeding the number allowable under Federal Rule of Civil Procedure 33.

## REQUEST TO PRODUCE RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**   For five years before 2 August 2007 to the present, all documents referring or relating to the posting of ADA and FMLA notices, including, but not limited to, the dates such were posted and for how long, where, and how blind or otherwise visually impaired people are informed of such notices and their contents.

**RESPONSE:** Defendant objects to this request as vague, unduly burdensome, overbroad, and because it seeks information not relevant to any claim or defense in this action and/or not reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this request as it is styled as an interrogatory, and because Plaintiff has exceeded the maximum number of interrogatories under Federal Rule 33. Subject to and without waiving any of the foregoing general and specific objections, see documents produced at HRC 0137-146.

**REQUEST NO. 2:**   For 7 years before 2 August 2007, all documents referring or relating to any FMLA request, including, but not limited to, the reason for the request, whether the defendant granted or denied the request and the defendant's reasons for granting or denying.