```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION


   CARRIS JAMES,                    )
                                    )
                  Plaintiff,        )
                                    )
                                    )
   -vs-                             )   Case No. 09 C 7873
                                    )
                                    )   Chicago, Illinois
   HYATT REGENCY CHICAGO,           )   July 27, 2010
                                    )   9:15 o'clock a.m.
                  Defendant.        )


                TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE MILTON I. SHADUR

APPEARANCES:

For the Plaintiff:       LONGO AND ASSOCIATES, LTD.
                         BY:  MR. JOSEPH A. LONGO
                         2100 West Haven
                         Mount Prospect, Illinois 60056

For the Defendant:       LITTLER MENDELSON, P.C.
                         BY:  MR. MICHAEL GIUSEPPE CONGIU
                         200 North LaSalle Street
                         Suite 2900
                         Chicago, Illinois 60601
```

Mary M. Hacker
Official Court Reporter
United States District Court
219 South Dearborn Street, Suite 1212
Chicago, Illinois  60604
Telephone:  (312) 435-5564

1          THE CLERK: 09 C 7873, James versus Hyatt.
2          MR. LONGO: Your Honor, good morning to you. Joel
3   Longo for Mr. James.
4          MR. CONGIU: Michael Congiu, C-O-N-G-I-U, on behalf
5   of defendant.
6          THE COURT: You know, when I got this current
7   motion from Mr. Longo I did two things. One, I reviewed
8   that, and my immediate reaction was that it seemed
9   unreasonable on its face. Then I went back to my earlier
10  file and I found that this is not the first time around on
11  that.
12         Mr. Longo, I think that you have not demonstrated,
13  really, the appropriate and sensible approach to the
14  discovery process here.
15         Then yesterday there was delivered to my chambers
16  the defense counsel's detailed response that I think
17  confirmed in spades what -- my initial reading, based on some
18  time and experience in dealing with discovery disputes, was
19  indeed reflective of reality here.
20         Although I hesitate to say this, Mr. Longo, it is
21  really past time that you ought to have learned and exhibited
22  that discovery efforts ought to be reasonable in relation to
23  the case at issue. In candor, what I see here is an effort
24  to use discovery as a weapon instead of a resource.
25         Many years ago when I was in practice we had a

1  fellow who had made a lot of money practicing law, so he was
2  essentially retired, shared offices with us, but he had a
3  saying that I had heard from him for the first time about
4  commodities trading, in which he had said -- it certainly
5  didn't originate with him -- that sometimes bulls make money
6  and sometimes bears make money, but hogs gets slaughtered.
7       And, you know, it's really troublesome.  It's not
8  fair to expect, for example, a judicial officer to carve down
9  what is an overbearing set of documents to what you
10 reasonably should have sought to begin with.  That's an
11 approach that would shift the burden impermissibly.  And you
12 have already thrust that burden on defense counsel by what
13 was referred to accurately on one of the earlier occasions as
14 a scorched earth approach of demanding everything in the
15 immediate world, maybe on the premise that you can always
16 retreat from an onerous demand, while if you make a
17 reasonable demand you can't move upward.
18      This motion is denied.  What you ought to do is to
19 take what defense counsel has offered as well as given.  It
20 may indeed be more than your due because they have sort of
21 caved in, in part, to requests.
22      Now, you know, Rule 37 --
23      MR. LONGO:  Could I ask your Honor a question?
24      THE COURT:  Wait just a minute. Let me finish, if
25 I may.

1   MR. LONGO: Sure.
2   THE COURT: You've said plenty in your filing and
3   it's regrettable.
4   Rule 37(a)(5)(b) says, if a motion is denied, the
5   Court must -- and it says must literally, mandatory -- after
6   giving an opportunity to be heard, which is what I'm going to
7   give you, require the movant, the attorney filing the motion,
8   or both, to pay the party or deponent who opposed the motion
9   its reasonable expenses incurred in opposing the motion,
10  including attorneys' fees.
11  And, you know, there is also, as you know, in Title
12  28, Section 1927, which is one that points to counsel's
13  responsibility -- and it says, any attorney who so multiplies
14  the proceedings in any case unreasonably and vexatiously, may
15  be required by the Court to satisfy personally the excess
16  costs, expenses and attorneys' fees recently incurred because
17  of such conduct.
18  So now you tell me why the criticism that I've just
19  made -- which I thought a good deal about and then went back
20  and looked at your filing, and I looked at their response --
21  why that's not justified.
22  MR. LONGO: Well, your Honor, first of all, the
23  defendant only wishes to give documents, as a general view.
24  And going through each interrogatory I could explain better,
25  but --

1           THE COURT:  No.  They gave chapter and verse on a
2   couple of the requests that are made, which are so, really,
3   outrageous in terms of scope.
4           You know, discovery should not be used, frankly, as
5   a pressure point essentially to force the opponent in sort of
6   -- to get out from under, to surrender.  It should simply be
7   one that is reasonable in scope.  And the requests that you
8   have made are not reasonable.  You're asking for thousands
9   and thousands of things and you've gotten thousands of
10  things.
11          Now, I just do not understand, frankly, a mind-set
12  that generates the kind of stuff that I have encountered more
13  than once in this case because -- you know, you started out,
14  you remember, by a motion to compel them to respond to the
15  complaint and, you know, the -- that's the kind of thing that
16  isn't constructive at all because it doesn't work, and
17  basically it ignores the fact that the kind of thing that's
18  involved in the response that was made was basically
19  consistent with notice pleading.
20          You know, I'm very reluctant, frankly, to engage in
21  the kind of criticism I've voiced here.  I specifically asked
22  Sandy to put this at the end of the call rather than before
23  because it was not my desire to embarrass you publicly as
24  contrasted with dealing with it in this case.  But, you know,
25  you have not exercised good sense and that's what you really

1  ought to be focusing on.
2      MR. LONGO:  Your Honor, it's my -- at least my
3  intention was, I thought it was good sense in the sense that
4  the discovery is limited to just one type of discrimination;
5  that is, ADA.  We're not asking for sex discrimination, et
6  cetera, to show some type of pattern --
7      THE COURT:  But the universe that you're asking for
8  is one that just is so overly broad.  You know, you really
9  ought to read and think seriously, think hard about the
10 points that are made in this brief response.  We have just
11 singled out a portion of it in what counsel did.
12     And you're fortunate, because the only thing that
13 is basically sanctionable is this part, so he can't stick you
14 with what he did the last time around, which would have been
15 okay if he had -- you know, if the same thing had been done
16 then.  So actually, the nature of counsel's response has
17 minimized your exposure instead of maximizing it.
18     MR. LONGO:  Your Honor, though, the defendant is
19 limiting what they want to give us to just the banquet
20 steward.  That's not the class that we're interested in.
21 Banquet stewards were not discriminated against; handicapped
22 people -- at least the plaintiff was.
23     So the defendant is only wishing to give us
24 information regarding banquet stewards.
25     THE COURT:  Well, but look at the things that you

1  asked for, you know, just look: For five years before August
2  2007 and to the present, and regarding all persons who
3  requested FMLA leave, ADA leave or any other type of medical
4  leave, all documents, including the name, address, telephone
5  number, blah, blah, blah, blah, blah.
6      Do you realize the burden that is thrust on any
7  enterprise of any size in having to search through --
8  because, frankly, very few employers would index their stuff
9  in a way that is directly responsive, you know, to the manner
10 in which you characterize it, which means that there's a
11 necessity to go through thousands of documents in order to be
12 able to single out.
13     Now, you know, I'm not, again -- you know, when it
14 comes, for example, to the unrelated field of restrictive
15 covenants there's a doctrine that says, well, the Court can
16 blue pencil the thing in order to make it valid if it's
17 overbroad. But that's not what should happen in the
18 discovery process.
19     You should not use a blunderbuss in the expectation
20 that if you've asked for too much, the Court is going to
21 convert it into a rifle. That's not the way the system ought
22 to operate because that's not a fair burden. It's your
23 responsibility to shape the thing in a manner that would have
24 been a reasonable one.
25     Now, I'm not --

1  MR. LONGO: Your Honor, could I show your Honor --
2  as we pointed out, they have a log in which they do index the
3  type of leave. They have categories: The expected date of
4  return, the type of leave, for example, FMLA, the date that
5  it started, the date of returns. They already have it in
6  their computer. So it's not like they would have to go
7  through various -- you know, thousands of documents.
8  But, your Honor, if you take a look at
9  Interrogatory No. 4, we're just asking for job positions for
10 one year before and one year after, open job positions. The
11 plaintiff was denied the right to return to work for nine
12 months, so --
13 THE COURT: But you have to, in that respect, shape
14 the thing to what he might have been qualified for. And
15 their point is that one size does not fit all.
16 You have job descriptions. Is he in a position to
17 be a chef or a sous chef? I don't know. But, you know, you
18 can't frame it in terms of every job description either.
19 Again --
20 MR. LONGO: We're just asking for what was open,
21 what was vacant.
22 THE COURT: Mr. Longo, you're responding and, in
23 candor, you're not just thinking through and letting absorb
24 the points that I've sought to make for you.
25 MR. LONGO: Okay. Perhaps you're correct.

1                THE COURT:  So I cannot grant the motion in this
2   form.  It is denied.
3                And I expect that in the interest of avoiding fees
4   on fees, which -- you know, that's like Dean Swift's old
5   lines of doggerel, that all the fleas have fleas that bite
6   'em, and so on, ad infinitum.
7                I trust that you'll be in a position to confer,
8   reach an understanding.  It's limited to what's involved in
9   this current thing.  I'm not granting any kind of Rule 37 or
10  Section 1927 relief for the past movies, okay, just the
11  current movie.
12               Anyway, that's where you are and -- let me take a
13  look here.
14               MR. CONGIU:  And, your Honor, just so I understand
15  --
16               THE COURT:  Wait just a minute.
17               MR. CONGIU:  Okay.
18       (Brief pause.)
19               THE COURT:  I have it for an August 19 status,
20  right?
21               MR. LONGO:  That is correct.
22               THE COURT:  Okay.  We're going to keep that.  Thank
23  you.
24               MR. CONGIU:  Your Honor, if I may, just so I
25  understand --

1        THE COURT:  Pardon?
2        MR. CONGIU:  -- you have ordered fees just as to
3   this particular motion?
4        THE COURT:  Yes.
5        MR. CONGIU:  Okay.
6        MR. LONGO:  To their response?
7        THE COURT:  Well, what they've had to do upon
8   getting this one, that's right.
9        MR. CONGIU:  Okay.  Thank you.
10       MR. LONGO:  Your Honor, is it without prejudice
11  after I have considered your -- in other words, can we still
12  --
13       THE COURT:  I would hate to encourage you, but I'm
14  not going to -- you know, I'm not going to knock you out of
15  the box.  If you come back with a reasonable request, I'll
16  look at it.  But I would hope that this message is one that
17  would result in a greater use of the meet and confer
18  provisions with -- and coming into those on a reasonable
19  basis.
20       So my hope would be that I would not encounter this
21  motion or anything resembling it again.
22       MR. CONGIU:  Your Honor, if I may?
23       I appreciate the Court's position, but I would
24  strongly urge the Court to deny these motions with prejudice.
25  This has been a meet and confer process that we have engaged

1  in for several months to the tune of tens of thousands of
2  dollars --
3         THE COURT: I don't know what "with prejudice"
4  means. He certainly is not going to be able to repeat
5  anything remotely like this, so I don't know what "with
6  prejudice" means.
7         I'm not closing discovery, you understand?
8         MR. CONGIU: Certainly. I do.
9         THE COURT: Okay. And that's what "with prejudice"
10 might mean. I'm not sure exactly what the meaning is when we
11 deal with a motion of this nature.
12        I'm rejecting his effort to engage in what I have
13 referred to as a blunderbuss approach to discovery. But to
14 say "with prejudice", I'm not sure that that's meaningful.
15        MR. LONGO: Your Honor --
16        THE COURT: But I have made it plain. I hope not
17 to see you again on a discovery matter.
18        MR. CONGIU: Respectfully, likewise.
19        MR. LONGO: Could we go back and tailor these
20 particular -- because this information --
21        THE COURT: You go ahead and practice law on this
22 one and not pressure, okay? Just deal with the thing in
23 accordance with what the discovery rules were intended to be,
24 which is informational gathering and not oppression.
25        Thank you.

1      MR. CONGIU:  Thank you, your Honor.
2      (Which were all the proceedings heard.)
3                         CERTIFICATE
4      I certify that the foregoing is a correct transcript
5  from the record of proceedings in the above-entitled matter.
6
7      /s/ *Mary M. Hacker*                    **August 9, 2010**
8      _____           _____
       Mary M. Hacker                     Date
9      Official Court Reporter